*E-FILED 12/13/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SILICON GRAPHICS, INC,

    Plaintiff,

v.

ATI TECHNOLOGIES, INC, et al.

    Defendants.

NO. C 07-80276 JF (RS)

**ORDER DENYING "EMERGENCY" MOTION**

Plaintiff Silicon Graphics, Inc.("SGI") initiated this miscellaneous proceeding to enforce a subpoena issued in this district in connection with an underlying proceeding pending in the Western District of Wisconsin.[1] SGI has filed what it terms an "emergency" motion to compel Acer to produce documents and a deposition witness no later than Saturday, December 15, 2007.[2] The motion is DENIED, without prejudice to SGI's right to seek relief by motion noticed on the full 35 days provided by Civil Local Rule 7-2 or SGI's right to seek to shorten time under Civil Local Rule 6-3.

SGI's contention that an "emergency" presently exists fails for at least two reasons. First, as

---

[1] The subpoena was served on Acer America, Corp., which SGI has erroneously named as the "defendant" in this proceeding. Acer is a third party, not a "defendant," even though the dispute in this miscellaneous action is between SGI and Acer.

[2] Neither the Federal Rules of Civil Procedure nor the Civil Local Rules in this district have any provision for an "emergency motion." Local Rule 6-3 governs procedures for seeking Court action on an expedited basis.

1

1  SGI acknowledges, the subpoena in dispute was served "over three months ago" and SGI and Acer
2  have been negotiating since that time. Meaningful "meet and confer" negotiations are always to be
3  encouraged, and the parties are commended for their apparent efforts in this case. Nevertheless, a
4  party may not create an "emergency" by failing to seek relief until a deadline is imminent.
5      More significantly, the "deadline" to which SGI points is only the general discovery cut off
6  in the underlying action. Where a motion to compel has been timely-filed, the existence of a
7  discovery cut off in no way divests the Court of the power to order the discovery in dispute to go
8  forward, assuming the Court concludes it is proper. There appears to be no dispute that SGI initiated
9  this miscellaneous action on a timely basis. Should the Court determine, on duly noticed motion,
10 that further response to the subpoena is appropriate, it can and will order such response without
11 regard to the discovery cut off.

13  IT IS SO ORDERED.

14  Dated: December 13, 2007

    RICHARD SEEBORG
    United States Magistrate Judge

ORDER DENYING "EMERGENCY" MOTION
C 07-80276 JF (RS)

2

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

ATI Technologies, Inc.     tamiller@rkmc.com

Mitchell M. Blakely     mblakely@morganlewis.com

Peter Collins McMahon     peter@mcmahonserepca.com, peter@mcmahonlawgroup.com, pmcmahon@pmcmahonlaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 12/13/07**                                              **Richard W. Wieking, Clerk**

                                                                **By:**_____
                                                                        **Chambers**

ORDER DENYING "EMERGENCY" MOTION
C 07-80276 JF (RS)

3