ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Thomas A. Miller, Bar No. 129473
TAMiller@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3211
Telephone:   310-552-0130
Facsimile:   310-229-5800

Jennifer L. McKenna, Bar No. 219837
JLMcKenna@rkmc.com
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone:   612-349-8500
Facsimile:   612-339-4181

Attorneys for
ATI Technologies, Inc., ATI Technologies ULC,
and Advanced Micro Devices, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Silicon Graphics, Inc., | Related Cases: |
| Plaintiff, | MISC. Nos. 07-80276 JF & 07-80279 JF |
| v. | Assigned to Judge Jeremy Fogel |
| ATI Technologies, Inc., et al., | **DECLARATION OF JENNIFER L. MCKENNA IN SUPPORT OF ATI TECHNOLOGIES, INC., ATI TECHNOLOGIES ULC, AND ADVANCED MICRO DEVICES, INC.'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL ASUS COMPUTER INTERNATIONAL TO COMPLY WITH SUBPOENA** |
| Defendant. | |
| | Date:   January 18, 2008<br>Time:   tba |

I, Jennifer L. McKenna, declare:

1) I am an attorney with the law firm of Robins, Kaplan, Miller & Ciresi L.L.P.,

which is counsel of record for the defendants in the related, underlying litigation of *Silicon Graphics, Inc. v. ATI Technologies, Inc., ATI Technologies ULC, and Advanced Micro Devices, Inc.*, No. 06-C-0611-C, currently pending in the U.S. District Court for the Western District of Wisconsin (the "Wisconsin litigation"). From my work on this case, I am personally familiar with the various events, filings, and records relating to that matter. I submit this declaration in support of ATI Technologies, Inc., ATI Technologies ULC, and Advanced Micro Devices, Inc.'s Opposition to Plaintiff's Emergency Motion to Compel ASUS Computer International to Comply with Subpoena. If called as a witness, I could and would testify from personal knowledge to the following:

2) Silicon Graphics, Inc. ("SGI") filed a motion in the Wisconsin litigation on December 14, 2007, in which SGI requested that the discovery period for third-party discovery be extended from December 15, 2007 to January 4, 2008.

3) On December 26, 2007, the court in the Wisconsin litigation denied SGI's request for an extension of the discovery period. Attached hereto as Exhibit 1 is a true and correct copy of the court's December 26, 2007 order.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Signed this 28th of December 2007, in Minneapolis, Minnesota.

By: /s/ Jennifer L. McKenna
Jennifer L. McKenna

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

*SILICON GRAPHICS, INC.*,

    Plaintiff,

v.

ATI TECHNOLOGIES, INC,

    Defendant,

ORDER

06-C-611-C

As the discovery deadline loomed, then passed, and with trial imminent, the parties have filed three more discovery motions: SGI has moved to protected Barry Weinert from deposition by ATI, *see* dkt. 291; ATI has moved to compel discovery, *see* dkt. 305; and SGI has filed a motion to compel and for an extension of the discovery cutoff, *see* dkt. 323. Because time is extremely short, I will eschew a longer order in favor of quicker rulings: SGI's motion to protect against deposition is denied. ATI's motion to compel document production is denied. SGI's motion to compel and to extend the discovery deadline is denied. The parties may seek to shift costs on motions they won. I address the motions in the order in which the parties filed them:

### 291: SGI's Motion for a Protective Order

I have read both sides' briefs, affidavits and exhibits on this motion and have concluded that ATI is entitled to depose Barry Weinert, SGI's general counsel. ATI has presented a sufficient number of apparent inconsistencies and has raised enough valid questions about what happened and why so as to overcome the court's initial disinclination to subject a party's general

counsel to an involuntary deposition. I do not know if Judge Crabb will allow ATI to raise at trial the defense of estoppel, but she has not yet forbidden it, so the topic is appropriate for pretrial discovery. ATI's proffer of inconsistent facts and reports regarding Weinert's major role in the SGI's bankruptcy proceeding, coupled with SGI's failure to provide a 30(b)(6) representative capable of providing complete, accurate answers to ATI's questions convinces me that ATI is entitled to depose Weinert about the depth and breadth of SGI's report to the bankruptcy court of this then-nascent lawsuit against ATI.

Similarly, ATI sufficiently has proffered facts and a time line to persuade me that ATI also may obtain from Weinert any non-privileged information he has regarding SGI's disclosure to the PTO of the Baum reference. Whether ATI will obtain any useful information from Weinert, or whether there will be time to use it are different questions. If ATI wishes to pursue this line of inquiry during the deposition, it may.

Next, given the tenor of ATI's proffers, I agree with ATI that F.R. Ev. 408 does not bar this deposition. As a policy matter, this court probably would have given effect to the parties' initial agreement to use Rule 408 to shield their preliminary discussions. But where, as here, one of the parties since has made a colorable showing of possible inequities, Rule 408 does not bar the discovery of additional information of the allegedly inequitable conduct. It's a chicken-and-egg process; in the end, perhaps this court will determine that ATI has developed no information outside the scope of Rule 408, but on the record currently before the court, I will not bar ATI from attempting to gather this information.

Each party's quest to depose its opponent's current or former general counsel is not as surprising as it would be in a less bellicose lawsuit. Obviously, a company's general counsel may

2

assert the attorney-client privilege to the extent it actually protects the requested testimony. That said, I have found ATI's deposition topics fair game with this witness, so the court expects Attorney Weinert to provide all of the information requested of him unless it actually is shielded by a valid privilege. I doubt that this observation will cause the deposition to proceed more smoothly, but it must proceed.

This motion was filed and fully briefed before the close of discovery on December 15, but the court grouped it with the later-filed discovery motions discussed below. Because the court caused this delay, I am excusing this deposition from the discovery cutoff. I leave it to the parties to work out the details, but if the court has to referee, it will choose the earliest date.

Employing new Rule 37(a)(5)(B), I will allow ATI, if it wishes, to argue why the court should shift its costs on this motion to SGI. ATI may have until January 7, 2008 to file and serve its itemized bill of response expenses and any argument in favor of cost-shifting. SGI may have until January 13, 2008 within which to respond.

### 305: ATI's Motion To Compel Discovery

ATI has moved for an order compelling SGI to provide complete responses to Requests for Production 96, 120 and 121, which involve RenderMan, OpenGL and specified properties. According to ATI, at an October 30, 2007 telephonic meet-and-confer, SGI agreed to produce the relevant documents but then did not produce them all. ATI pressed the point, prompting SGI to respond that it had produced all relevant, responsive non-privileged documents in its possession, custody and control.

3

The parties' competing briefs–including SGI's unbidden reply–may be distilled down to a legal version of "Did so!" / "Did not!" The parties do not dispute that SGI provided most of the requested documents. ATI has established that additional documents exist that would be responsive to its discovery requests if SGI possessed those documents. ATI weaves together strands of deposition testimony and other chains of circumstances to argue that SGI must still possess these documents (some of which are a decade old), and that SGI's denials may be based on a failure to look hard enough.

SGI responds to the effect of "What Part of No Don't You Understand?" SGI points out that much of the disputed material was generated and studied in the mid-90's, and that due to personnel and corporate changes, SGI hasn't kept track of these documents and now cannot find them despite having looked for them. Whatever inferences to the contrary ATI may be capable of drawing from snippets of other evidence are incorrect: SGI no longer has these documents.

In light of this unequivocal response, there is nothing for this court to order SGI to do. Although courts sometimes employ the legal fiction that corporations never forget, if ten-year old documents can't be found in the filing cabinet, the most logical reason is because the company no longer has them. It is unavailing for ATI to impeach the forthrightness of SGI's averments as to the depth and breadth of its search. A smart lawyer intent on evasion can always find and exploit loopholes in seemingly impenetrable discovery requests and court orders. There comes a point at which the court simply has to rely on attorneys, as officers of the court, to behave honorably. However pollyannaish this reliance might seem, it has teeth: recently this court revoked in mid-case the *pro hac vice* status of two attorneys who refused to abide by the

4

rules of discovery and this court's discovery orders. Other sanctions are available as needed. Therefore, this court accepts SGI's unwavering averment that it has looked in all the necessary places and has asked all the necessary people where the missing documents might be. If it turns out that SGI was not sufficiently forthright, then the court shall sanction SGI and its attorneys appropriately. ATI's motion to compel is denied.

Pursuant to Rule 37(a)(5)(B), SGI may have until January 7, 2008 to file and serve its itemized bill of response expenses and any argument in favor of cost-shifting. ATI may have until January 13, 2008 within which to respond.

### 323: SGI's Motion To Compel and To Extend the Discovery Cutoff

SGI has moved to compel ATI to make certain witnesses available for deposition and to extend the discovery cutoff to allow SGI to finish necessary discovery. SGI complains that on October 11, 2007, it noticed up ATI witnesses Matt Skynner and Carrel Killebrew; ATI has declined to make them available due to the number of other depositions already scheduled in the short time left before trial. SGI also reports that ATI has not yet produced 30(b)(6) witnesses on specified topics. Finally, SGI avers that it has pursued discovery tenaciously but simply ran out of time. In response, ATI filed a 23 page opposition disputing each point made by SGI (dkt. 323, *sealed*), and accusing SGI of unclean hands and gamesmanship.

This court can resolve SGI's motion without choosing between the parties' competing glosses of the course of discovery. Discovery ended December 15, 2007 pursuant to this court's order. Although the parties could *agree* to an extension, they have not, and this court is not

5

going to order another one.[1] From this court's perspective, the parties have had sufficient time to conduct discovery, notwithstanding any claims of obstruction or delay.

SGI filed its lawsuit in this court on October 23, 2006, presumably because it wanted the quickest available trial of its claims. Given the complexity of the patents, this court started with a "slow" schedule, then bumped it back to account for the difficulty everyone (including the court) was having keeping pace. Under the original schedule, trial in this case would have ended by Thanksgiving. That didn't work out, so the court granted 2½ month extensions of all the major deadlines. Although it may have been more symbolic than practical, the parties stipulated to end discovery before Christmas, and the court accepted that stipulation. So, counting from the December 20, 2006 preliminary pretrial conference (the official start of discovery), the parties have had 360 days to conduct discovery. In this court, twelve months of discovery qualifies as borderline sybaritic, even in a complicated patent case. The fact that the parties came up with new items on their discovery to-do lists this fall does not evoke sympathy from the court. Trial begins in 40 days. There is an eve-of-trial safe harbor from discovery for a reason. SGI's motion to compel and to extend is denied.

Pursuant to Rule 37(a)(5)(B), ATI may have until January 7, 2008 to file and serve its itemized bill of response expenses and any argument in favor of cost-shifting. SGI may have until January 13, 2008 within which to respond.

---

[1] With the exception of the Weinert deposition, ordered above.

6

ORDER

IT IS ORDERED that:

(1) SGI'S motion for protection is DENIED.

(2) ATI's motion to compel is DENIED.

(3) SGI's motion to compel is DENIED.

(4) The parties may seek cost-shifting pursuant to the schedule stated above.

Entered this 26th day of December, 2007.

BY THE COURT:

STEPHEN L. CROCKER
Magistrate Judge

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, Suite 3400, Los Angeles, California 90067-3208.

On **December 28, 2007**, I caused the foregoing document described as **DECLARATION OF JENNIFER L. MCKENNA IN SUPPORT OF ATI TECHNOLOGIES, INC., ATI TECHNOLOGIES ULC, AND ADVANCED MICRO DEVICES, INC.'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL ASUS COMPUTER INTERNATIONAL TO COMPLY WITH SUBPOENA** to be served on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]  **BY MAIL:**  I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]  **BY EMAIL:**  By transmitting via electronic mail the document listed above to the Email addresses set forth below on this date before 5:00 p.m.

[ ]  **BY PERSONAL SERVICE:**  I caused such envelope to be delivered by hand to the offices of the addressees.

[X]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on **December 28, 2007**, at Los Angeles, California.

_____
LA DONNA BRYANT-WILSON

LA1 60153282.1                                                                         PROOF OF SERVICE

C06-01884 MHP

# SERVICE LIST

<u>Silicon Graphics, Inc. v. Acer America Corp.</u>
USDC MISC No. C-07 80276JF

| | |
|---|---|
| Mitchell M. Blakely, Esq.<br>MORGAN, LEWIS & BOCKIUS LLP<br>2 Palo Alto Square<br>3000 El Camino Real, Suite 700<br>Palo Alto, CA  94306<br>Telephone:  (650) 843-4000<br>**Facsimile:  (650) 843-4001**<br>Email:  mblakely@morganlewis.com | ***Attorneys for Plaintiff Silicon Graphics, Inc.*** |
| Edward J. Pardon, Esq.<br>MICHAEL BEST & ASSOCIATES<br>One South Pinckney Street, Ste 700<br>Madison, WI  53701-1806<br>Telephone:  (608) 283-2268<br>**Facsimile:  (608) 283-2275**<br>Email:  ejpardon@michaelbest.com | |
| James M. Bollinger, Esq.<br>Morgan, Lewis & Bockius LLP<br>101 Park Avenue<br>New York, NY  10178<br>Telephone:  (212) 309-6000<br>**Facsimile:  (212) 309-6001**<br>jbollinger@morganlewis.com | |
| Peter McMahon, Esq.<br>McMahon Serepca LLP<br>100 Marine Parkway, Suite 350<br>Redwood City, CA  94065<br>Telephone:  (650) 637-0600<br>**Facsimile:  (650) 637-0700**<br>peter@mcmahonserepca.com | ***Attorneys for Defendant Acer America Corp.*** |

ROBINS, KAPLAN,
MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

LA1 60153282.1

PROOF OF SERVICE

C06-01884 MHP